Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 7398 | DATE | 3/23/2004 |
| CASE TITLE | Reschny vs. Elk Grove Planting Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Defendant's motion for summary judgment is granted. Enter memorandum opinion and order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| ☐ No notices required, advised in open court. | | Document Number |
| ☐ No notices required. | number of notices | |
| ☐ Notices mailed by judge's staff. | | |
| ☐ Notified counsel by telephone. | MAR 24 2004 date docketed | |
| ✓ Docketing to mail notices. | | 20 |
| ✓ Mail AO 450 form. | docketing deputy initials | |
| ☐ Copy to judge/magistrate judge. | | |
| DW | date mailed notice | |
| courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Y. SANDRA RESCHNY, f/k/a
Y. SANDRA CURRAN,

    Plaintiff,

v.

ELK GROVE PLATING COMPANY,

    Defendant.

DOCKETED
MAR 2 4 2004

No. 99 C 7398
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

In September of 1995, Plaintiff filed a discrimination charge with the Equal Employment Opportunities Commission and retained the law firm of Stackler & Stackler. Attorney Samuel Greenberg wrote to the EEOC informing it that Stackler & Stackler was representing Plaintiff on letterhead that provided the firm's address. Plaintiff, after hearing nothing from Stackler & Stackler for over a year, contacted the EEOC and was informed that her Notice of Right to Sue Letter ("the Notice") had been sent via certified mail to Stackler & Stackler but was returned as undeliverable. As it turned out, the Notice was returned because Stackler & Stackler had moved without notifying the EEOC of its change of address. The EEOC then sent Plaintiff a copy of the Notice dated November 1, 1999. Plaintiff filed this case about two weeks later on November 12, 1999.

The Defendant now moves for summary judgment on the grounds that Plaintiff's Complaint is untimely. Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986). In determining whether any genuine issue of material fact exists,

I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue of fact exists only when, based on the record as a whole, a reasonable jury could find for the non-movant. *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999).

Title VII provides that complainants must file suit within 90 days of receiving their Notices. 42 U.S.C. 2000e-5(f)(1). Defendant argues that the statutory period should begin to run the second week of April, 1999, approximately five days after the Notice was sent to Stackler & Stackler. If the Defendant is correct, then the Plaintiff missed the filing deadline by almost 500 days. However, Plaintiff argues that the time should not begin to run until November 1, 1999, the date she received a copy of the Notice.

Generally speaking, the 90-day statutory period begins to run when the Notice is received by the complainant or her formally designated attorney. *Jones v. Madison Services Corp.*, 744 F.2d 1309, 1313-14 (7th Cir. 1984). However, the Seventh Circuit has held that a claimant cannot toll the limitations period if the claimant's failure to receive notice is caused by its own negligence. *St. Louis v. Alverno College*, 744 F.2d 1314 (7th Cir. 1984).

Under the EEOC's regulations, it is the responsibility of each claimant to provide notice of any change of address. 29 C.F.R. § 1601.7(b). For the purpose of receiving the Notice, the Plaintiff's attorneys at Stackler & Stackler stood in her shoes. *Jones*, 744 F.2d at 1313.[1] Plaintiff argues that the notice sent only to Stackler & Stackler is insufficient to start the running of the

---

[1] *See also Davis-Gilbert v. Alberto Culver Co.*, No. 88 C 4014, 1988 U.S. Dist. LEXIS 12569 at *3 (N.D. Ill. Nov. 4, 1988); *Newson v. American Nat'l Can Co.*, No. 00 C 7750, 2001 U.S. Dist. LEXIS 20058 at *13-15 (N.D. Ill. Dec. 3, 2001).

statutory period because, according to its own regulations, the EEOC was also required to send the Notice to her. 29 C.F.R. § 1614(d). However, given the particular facts of this case, Plaintiff's argument lacks force. Plaintiff, like her attorneys, changed her address without notifying the EEOC. So, even if the EEOC had conformed to its policy and sent her a copy of the Notice, it would also have been returned as undeliverable.

Stackler & Stackler had a duty to promptly notify the EEOC of its change of address. *St. Louis v. Alverno College*, 744 F.2d at 1316-17. As a result of Stackler & Stackler's failure to do so, the Notice was returned to the EEOC as undeliverable. Accordingly, I find that the statutory period should begin the second week of April, which makes Plaintiff's Complaint untimely. The Plaintiff may have a valid claim against Stackler & Stackler, and she may want to pursue such a claim, but I can express no view on the timeliness or merit of that claim.

Defendant's Motion to For Summary Judgment is GRANTED.[2]

ENTER:

James B. Zagel
United States District Judge

DATE: 23 March 2004

---

[2] This result may seem harsh but limitations periods work to protect defendants. Title VII's time limits are among the shortest in American law. This is reflective of Congress's policy that employers are entitled to know quickly whether an employee has a valid complaint that he or she wishes to pursue. Moreover, it is not unfair to penalize Plaintiff for the conduct of her lawyers. Plaintiff chose her attorneys; the Defendant did not. The Defendant ought not to have to spend time and money on a case that Congress had told it could be closed.

3